*R.D., et al v. Lake Wash. Sch. Dist.*

USDC Western District of Washington at Seattle

**NOTICE OF REMOVAL**

# EXHIBIT 1

**FILED**

18 JUN 27 PM 2:47

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-16045-6 SEA

1

2

3

4

5

6

7

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

8

| | |
|---|---|
| R.D. a minor, by and through her personal representatives, CATHERINE DAVIS and SEAN DAVIS; and CATHERINE DAVIS, individually; and SEAN DAVIS, individually; | No. |
| | **SUMMONS [20 DAYS] [CR 4(B)(2)]** |
|    Plaintiffs, | |
| v. | |
| LAKE WASHINGTON SCHOOL DISTRICT, municipal corporation, | |
|    Defendant. | |

9

10

11

12

13

14

15

16

17

TO:   Lake Washington School District.

18

     A lawsuit has been started against you in the above-entitled court by R.D., Catherine and Sean Davis, plaintiffs, as stated in the written complaint, a copy of which is served upon you with this summons.

19

20

21

     In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, if served within the State of Washington (or within 60 days after service of this Summons, if served outside the State of

22

23

24

25

**SUMMONS [20 DAYS]**
**[CR 4(B)(2)]**        **- 1**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA  98121
Phone: (206) 576-8044

Washington), or a default judgment may be entered against you without notice.  A default judgment is one where plaintiffs are entitled to what has been asked for because you have not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that plaintiffs file this lawsuit with the court.  If you do so, the demand must be in writing and must be served upon the person signing this summons.  Within 14 days after you serve the demand, plaintiffs must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 25th day of June, 2018.


_____
Gregory Albert, WSBA#: 42673
Attorney for Plaintiffs
ALBERT LAW PLLC


**SUMMONS [20 DAYS]**
**[CR 4(B)(2)]**                                   - 2 -

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA  98121
Phone: (206) 576-8044

FILED

18 JUN 28 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-16045-6 SEA

## SUPERIOR COURT OF THE STATE OF WASHINGTON
## FOR KING COUNTY

| | |
|---|---|
| R.D. a minor, by and through her personal representatives, CATHERINE DAVIS and SEAN DAVIS; and CATHERINE DAVIS, individually; and SEAN DAVIS, individually;<br><br>                            Plaintiffs,<br><br>v.<br><br>LAKE WASHINGTON SCHOOL DISTRICT, a municipal corporation,<br><br>                            Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY OF TWELVE** |

COMES NOW the Plaintiffs R.D. et al., by and through their attorney of record, Gregory Albert of Albert Law PLLC, and hereby allege the following against Lake Washington School District:

### I.  INTRODUCTION

1.      This complaint arises out of Lake Washington School District's violations of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* against R.D., a child attending school in the District. It also arises out of the District's failure to

COMPLAINT FOR DAMAGES 1

**ALBERT LAW PLLC**
3131 Western Ave, Suite 410
Seattle, Washington  98121
Phone (206) 576-8044 • Fax (206) 237-9101

intervene when R.D. was being bullied by her perpetual tormenter, D.H., who harassed, intimidated, and physically abused R.D. under the constructive knowledge of her teacher and the District throughout the 2015-2016 school years.

2.     R.D. is a child with an autoimmune disease that requires her to avoid inclement weather to prevent breakouts of severe lesions and other potentially life-threatening problems. Consequently, the District executed an agreement under §504 of the Rehabilitation Act with R.D.'s parents, requiring R.D. to attend recess indoors on rainy and cold days. Lake Washington School District's emails at the time indicate the District felt its §504 commitments were a hassle, so the indoor "recess" the District provided consisted of leaving R.D., a third-grader, unsupervised to fend for herself. Since R.D. was being bullied by D.H. at the time, the District created a perfect environment for R.D. to be routinely bullied without interference from adults. To add absurdity to the situation, R.D.'s third-grade teacher frequently sent the two children outside of the classroom unsupervised, to "work their problems out," whereupon, unsurprisingly, D.H. would use the opportunity to hit, drag, and bruise R.D. When R.D.'s parents learned of the abuse, they demanded a new §504 plan that provided R.D. indoor, *supervised* recesses involving *gross motor* play. After delaying executing a new §504 plan, the District executed one and then immediately violated it by requiring R.D. to spend her indoor recesses sitting in a dark space under some stairs with no supervision, no gross motor play, and where the perforated kick-plates in the stairs allowed filth to fall on her.

COMPLAINT FOR DAMAGES 2

ALBERT LAW PLLC
3131 Western Ave, Suite 410
Seattle, Washington  98121
Phone (206) 576-8044 • Fax (206) 237-9101

3.     Throughout her ordeal with the District, R.D. suffered exacerbated Chilblains symptoms, which doctors attribute to the stress and anxiety caused by her experiences at school.  She has also suffered a loss of education and economic damages proximately and actually caused by the District's breach of care and violations of federal statute. The school's negligence and violation of the §504 plan actually and proximately caused R.D.'s damages.

## II. JURISDICTION AND VENUE

4.     This Court has jurisdiction and venue is proper because the actions and omissions described herein occurred in King County, Washington and the Defendant is incorporated in Washington doing substantial business in King County.

## III.     PARTIES

**Plaintiffs**

5.     R.D. is a minor under the age of eighteen (18) years old and a former student at Carl Sandberg Elementary, a public school district located in Kirkland, WA. At all relevant times herein, R.D., a female with a disability, sought implementation of multiple Section 504 plans.

6.     CATHERINE DAVIS has been the mother of R.D. since her birth in 2007. CATHERINE appears in this action individually and by and for her minor child, R.D., who appears by pseudonym.

COMPLAINT FOR DAMAGES 3

ALBERT LAW PLLC
3131 Western Ave, Suite 410
Seattle, Washington  98121
Phone (206) 576-8044 • Fax (206) 237-9101

7.     SEAN DAVIS has been the father of R.D. since her birth in 2007.  SEAN appears in this action individually and by and for his minor child, R.D., who appears by pseudonym.

8.     CATHERINE, SEAN, and their minor child, R.D. reside in King County, Washington.

**Defendants**

9.     Defendant LAKE WASHINGTON SCHOOL DISTRICT (LWSD) is a municipal organization organized pursuant to the laws of the State of Washington. As the recipient of federal funding, Defendant LWSD has a duty to provide students with an educational environment free from harassment, negligent supervision, and discrimination based on a disability.

## IV. FACTUAL BACKGROUND

10.     R.D. is a ten-year-old student at Carl Sandberg Elementary School in the LWSD who, during the 2015-2016 school year, attended Ms. Yamamoto's third grade class.

11.     R.D is a student with a disability due to Chilblains, a life-threatening auto immune disease, causing tissue damage, blisters, and painful inflammation in her hands and feet when exposed to cold damp weather. As recommended by her Rheumatologist, R.D. has actively maintained primarily preventative treatment by avoiding cold damp weather and using individualized soap while present at school.

COMPLAINT FOR DAMAGES 4

ALBERT LAW PLLC
3131 Western Ave, Suite 410
Seattle, Washington  98121
Phone (206) 576-8044 • Fax (206) 237-9101

12.     As a result of this disability, LWSD executed multiple Section 504 plans, providing:

"R.D. should be allowed to have inside recess when raining or if temperature is below 60 degrees."

13.     The "recess" R.D. was provided consisted of sitting in a classroom or wandering the hallways without adult supervision.

14.     During Fall 2015, another student, D.H., began to develop codependent tendencies toward R.D. which manifested in frequent bullying and physical abuse. D.H. became inordinately jealous about R.D.'s time and friendships and used her substantial disparity in size to physically block R.D. from accessing her friends, and on one occasion, her mother.

15.     R.D. frequently notified her teacher, Heidi Yamamoto, about the issues with R.D., but Yamamoto's only response was to force R.D. to spend even more unsupervised time with D.H. in the hallway to "work out their problems." Yamamoto's approach backfired further when D.H. discovered she could obtain more unsupervised time with R.D. merely by manufacturing problems and then reporting them to Yamamoto. According to another student's accounts, D.H. would then grab R.D. by the arm and drag her out of the classroom to "discuss" disagreements.

16.     On December 18, 2015, R.D. stayed in the classroom unsupervised during a cold damp lunch recess. For reasons that are unknown, D.H. was allowed to stay with her. R.D. and D.H. found themselves in the hallway where R.D. tried to get away from

COMPLAINT FOR DAMAGES 5

**ALBERT LAW PLLC**
3131 Western Ave, Suite 410
Seattle, Washington 98121
Phone (206) 576-8044 • Fax (206) 237-9101

D.H., whereupon D.H. physically dragged R.D. down the hallway, causing a significant bruise in the struggle. Eventually, D.H. succeeded in dragging R.D. with her. The two students ended up in the office where R.D. angered D.H. by reading a book instead of paying attention to D.H. D.H. grabbed the book and hit R.D. in the face, leaving another bruise.

17.     In response to the December 2015 incident, Mrs. Davis sent an e-mail to Ms. Yamamoto concerned about the bruises, but still unaware of Yamamoto's controversial policy of forcing R.D. to spend time unsupervised with her assailant. Catherine Davis sought to "limit any opportunity for the girls to interact in an unsupervised environment" by suggesting that "Reagan can stay alone and read in the library" or stay inside with her friends. In direct violation of Mrs. Davis' request, Yamamoto continued sending the girls into the hallway unsupervised once or twice a week, leading to many more interactions where R.D. was bullied.

18.     In May 2016, R.D. refused to play with D.H. any more due to the ongoing bullying. Unfortunately, the school had a policy mandating that children could never refuse to play with other children. Naturally, D.H. weaponized the policy by reporting R.D.'s refusal to recess staff, who made R.D. play with D.H. against her will. Since Mrs. Yamamoto was absent, R.D. reported her issues to substitute teacher Jana Johnseine, who immediately demonstrated the standard of care by emailing school administration, stating the problems have been "going on most of the year," that R.D. "can't get away from D.H.," and that "[i]t mostly happens when no adults are around."

COMPLAINT FOR DAMAGES 6

ALBERT LAW PLLC
3131 Western Ave, Suite 410
Seattle, Washington  98121
Phone (206) 576-8044 • Fax (206) 237-9101

Unbeknownst to the parents, the two students were sent to Soo Chin, the school counselor, who advised R.D. to continue playing with D.H. with the strategy of explaining her feelings to D.H. instead of refusing to play with her. Naturally, the advice led to more harassment. Neither the counselor nor the administration notified the Davises.

19.     Throughout the school year, R.D. began showing increasing symptoms of her Chilblains, which required medical treatment. The medical records at the time specifically attribute the symptoms to the anxiety and stress she experienced due to the school bullying.

20.     On June 13, 2016, Catherine Davis attended an end of the year class event and observed D.H.'s interaction with R.D. as a "very unsettling experience."  After speaking with R.D., Catherine discovered that D.H. frequently pursued her and pulled her by her wrists, twisted her arms, and pushed and shoved her. Upon inquiry from Mrs. Davis, R.D. revealed she had sought assistance from adults, but she gave up asking for help because there was never intervention, consequences, or resolution of the problem with D.H.

21.     Following the event, Catherine wrote another e-mail to Ms. Yamamoto describing that she didn't realize "how helpless and hopeless Reagan felt." She described how D.H. "attempted to define my perception of the situation" by physically blocking R.D. from reaching out to her. This incident confirmed Catherine's concerns

COMPLAINT FOR DAMAGES 7

**ALBERT LAW PLLC**
3131 Western Ave, Suite 410
Seattle, Washington  98121
Phone (206) 576-8044 • Fax (206) 237-9101

and stated "it would be very difficult to allow R.D. to return to Sandburg if there is not a clearly defined separation between her and D.H."

22.     Receiving no satisfactory response from Yamamoto, on July 18, 2016, Catherine forwarded Principal Frazier of Sandburg the email sent to Ms. Yamamoto to discuss her concerns and next steps for R.D.'s educational experience. On July 26, 2016, Catherine met with Principal Frazier and established some responsive steps for the upcoming 2016-2017 school year. Frazier's actions at the time suggest she was more concerned with liability than resolution.  Afterward, Frazier sent a letter that was preoccupied with exculpating herself.

23.     On July 28, 2016, Reagan Davis met with a mental health treatment provider to discuss her anxiety and feelings of an unsafe school environment. In another demonstration of the proper standard of care, the provider immediately called CPS and the Kirkland Police Department. After officers spoke with Principal Frazier, Frazier finally offered to give R.D. a "support plan." Catherine Davis stated that she wanted a new §504 plan that provided supervision and gross motor activity during her indoor recesses.

24.     After playing games about whether the plan was a support plan or a §504 plan, the school on September 1, 2016 amended R.D.'s §504 to provide for "*supervised* inside recess," which included "gross motor activities." Additionally, a "support plan" was being designed to further assist in creating a safe educational environment for R.D.

COMPLAINT FOR DAMAGES 8

ALBERT LAW PLLC
3131 Western Ave, Suite 410
Seattle, Washington  98121
Phone (206) 576-8044 • Fax (206) 237-9101

25.     In early January 2017, R.D. began school under the amended §504 plan. On cold damp days requiring "*supervised* inside recess with gross motor activity," Sandburg designated a dark space under the stairway for R.D. to sit with no supervision and no gross motor activity. As children ascended and descended stairs, dirt fell on R.D. through the perforated kickplates. On March 17, 2017, Catherine volunteered at Sandburg Elementary where she discovered R.D.'s indoor recess location. On March 24, 2017, Catherine observed R.D. being sent to recess on a cold damp day despite Section 504 plans requiring keeping R.D. indoors on cold damp days.

26.     R.D. has been seen by a specialist at Seattle Children's to address Catherine's concerns relating to R.D.'s persistent issues at school. The specialist concluded that R.D.'s exacerbated medical issues were likely due to persistent stress at school and noted her flare ups have significantly increased both in terms of rate and intensity over the past 16 months.

27.     On April 12, 2017, Mrs. And Mr. Davis pulled R.D. from Carl Sandburg elementary and filed an intent to homeschool.

## V.  LEGAL ALLEGATIONS

### FIRST CAUSE OF ACTION
### DAMAGES FOR DEPRIVATION OF FEDERAL RIGHTS
### 42 U.S.C. § 1983
### (Plaintiff R.D. Against Defendant)

1.     Plaintiffs reallege and incorporate by reference the allegations contained in preceding paragraphs, as if more fully set forth herein.

COMPLAINT FOR DAMAGES 9

**ALBERT LAW PLLC**
3131 Western Ave, Suite 410
Seattle, Washington  98121
Phone (206) 576-8044 • Fax (206) 237-9101

2.     By engaging in the above-described misconduct and by acting pursuant to its custom, practice and policy, Defendant acting under color of state law, violated R.D.'s federally-protected civil rights under 42 U.S.C. § 1983, including R.D.'s right to be free from discrimination on the basis of a disability.

3.     In doing all of the acts complained of herein, Defendant acted intentionally, recklessly and/or with deliberate indifference to R.D.'s well-being, all under color of state law to deprive R.D. of her constitutionally-protected rights to be free from discrimination on the basis of a disability.

4.     As a direct and proximate result of the aforementioned acts, R.D. has suffered and continues to suffer anxiety, stress, and mental and emotional anguish.

5.     Pursuant to 42 U.S.C. § 1988(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs incurred in bringing this action.

**SECOND CAUSE OF ACTION**
**ADA Disability Discrimination Claim**
**(42 U.S.C. § 12132 *et seq.*)**
**(By Plaintiff R.D. Against Defendant)**

6.     Plaintiffs reallege and incorporate by reference the allegations contained in preceding paragraphs, as if more fully set forth herein.

7.     Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

COMPLAINT FOR DAMAGES 10

**ALBERT LAW PLLC**
3131 Western Ave, Suite 410
Seattle, Washington 98121
Phone (206) 576-8044 • Fax (206) 237-9101

8.    The ADA requires public entities to ensure that their programs, services and activities are accessible to and useable by detainees and inmates with disabilities. At all times relevant to this action, Defendant LWSD is a "public entity" within the meaning of Title II of the ADA and provided a program, service or activity to the general public.

9.    At all times relevant to this action, Plaintiff R.D. was diagnosed with an auto immune disease and a qualified individual within the meaning of Title II of the ADA that met the essential eligibility requirements for the receipt of the services, programs, or activities of the Defendant LWSD. 42 U.S.C. § 12131. Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability based on that disability. 42 U.S.C. § 12132.

10.    Defendant LWSD is mandated to operate each program, service, or activity "so that, when viewed in its entirety, it is readily accessible to and useable by individuals with disabilities." 28 C.F.R. §§ 35.150; see also 28 C.F.R. §§35.149 & 35.151.

11.    Defendant knew that bullying, harassing, and intimidating activities were present throughout the 2015-2016 school year. This was especially true of incidents involving D.H. By leaving insufficient supervision in the school environment, LWSD violated the ADA. And by ignoring or insufficiently investigating reports of harassment with knowledge of prior incidents, LWSD violated the ADA.

ALBERT LAW PLLC
3131 Western Ave, Suite 410
Seattle, Washington  98121
Phone (206) 576-8044 • Fax (206) 237-9101

12.     In violation of the ADA, Defendant LWSD failed to protect vulnerable children from assault and failed to provide a reasonable response to students' complaints of school-based harassment, including denying equal due process and investigation of her complaints because of R.D.'s disability. Thereby Defendant LWSD excluded R.D. from equal participation in its educational services, programs and activities; and denied R.D. equal access to the rights and benefits accorded to other students.

13.     Through their acts and omissions described herein, Defendant LWSD has violated the ADA by excluding Plaintiff R.D. from participating on an equal basis in the programs, services and activities of Defendant LWSD, and subjected R.D. to discrimination in the benefits and services Defendant provides to students without disabilities.

14.     Defendant LWSD committed the acts and omissions alleged herein with intent and/or reckless disregard of the rights of R.D., a person with a qualified disability.

15.     As a direct and proximate result of the acts and omissions of Defendant LWSD, by and through its officials, agents and employees, R.D., has suffered pain and suffering, humiliation, fear, anxiety, torment, degradation, and extreme emotional distress.

COMPLAINT FOR DAMAGES 12

16.     Pursuant to 42 U.S.C. § 12133, Plaintiffs are entitled to declaratory and injunctive relief, as well as reasonable attorneys' fees and costs incurred in bringing this action.

**THIRD CAUSE OF ACTION**
**Rehabilitation Act Claim**
**(29 U.S.C. § 794)**
**(By Plaintiff R.D. Against Defendant)**

17.     Plaintiffs re-allege and incorporate by reference the allegations contained in preceding paragraphs, as if more fully set forth herein.

18.     Section 504 of the Rehabilitation Act of 1973 provides in pertinent part: "[N]o otherwise qualified individual with a disability ... shall, solely by reason of her or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance ... " 29 U.S.C. § 794.

19.     At all times relevant to the action, Defendant LWSD was a recipient of federal funding within the meaning of the Rehabilitation Act. As a recipient of federal funds, Defendant LWSD is required to reasonably accommodate students with disabilities in their facilities, program activities, and services. It further requires the Defendant to modify their facilities, services, and programs as necessary to accomplish their purpose.

20.     Plaintiff R.D. is at all times relevant herein a qualified individual with a disability within the meaning of the Rehabilitation Act because she has physical and

COMPLAINT FOR DAMAGES 13

**ALBERT LAW PLLC**
3131 Western Ave, Suite 410
Seattle, Washington  98121
Phone (206) 576-8044 • Fax (206) 237-9101

social impairments as a result of her medical condition, that substantially limits one or more of her major life activities. 29 U.S.C. § 705(20)(B).

21.     R.D. is otherwise qualified to participate in the services, programs, or activities provided by Defendant LWSD, including but not limited to those at Carl Sandburg Elementary School, as well as any and all provided by Defendant LWSD via its agents or employees. See 29 U.S.C. § 794 (b).

22.     Plaintiffs are informed, believe, and based thereon, allege that the Defendant LWSD, by and through its officials, agents and employees, violated the Act by failing to provide R.D. reasonable accommodations and alternative educational services, including ensuring equal due process and investigation of said complaints, because of her disability.

23.     Through their acts and omissions described herein, Defendant LWSD has violated the Rehabilitation Act by excluding Plaintiff R.D. from equal participation in, denying R.D. the benefits of, and subjecting R.D. to discrimination in the benefits and services Defendant provides to the students without disabilities.

24.     Defendant committed the acts and omissions alleged herein, i.e., substandard due process and investigation of the realization that R.D. had been deprived of a safe education and accommodations, with intent and/or reckless disregard of the rights of R.D.

25.     As a direct and proximate result of the acts and omissions of Defendant LWSD, by and through its officials, agents and employees, R.D. has suffered pain and

COMPLAINT FOR DAMAGES 14

ALBERT LAW PLLC
3131 Western Ave, Suite 410
Seattle, Washington  98121
Phone (206) 576-8044 • Fax (206) 237-9101

suffering, humiliation, fear, anxiety, torment, degradation, and extreme emotional distress due to Defendant's failure to address the accommodations, modifications, services and access required for her disability.

26.     Pursuant to 29 U. S. C. § 794(a), Plaintiffs are entitled to declaratory and injunctive relief and to recover from Defendant the reasonable attorneys' fees and costs incurred in bringing their action.

## FOURTH CAUSE OF ACTION
### Negligent Retention, Supervision, and Training
### (By ALL Plaintiffs Against Defendant LWSD)

27.     Plaintiffs reallege and incorporate by reference the allegations contained in preceding paragraphs, as if more fully set forth herein.

28.     Defendant LWSD is duty bound to hire, train, supervise, and retain officials, agents and employees of Carl Sandburg Elementary School to ensure that they do not violate the legal rights of students within its custody and control.

29.     On information and belief, Defendant LWSD has a pattern and practice of failing to adequately hire, train, supervise, discipline, and retrain its officials, agents and employees regarding school-based bullying, harassment, and intimidation. As a result, a culture of unaccountability developed within LWSD, including Carl Sandburg Elementary School, that facilitated and encouraged continuing violations of the legal rights of R.D.

COMPLAINT FOR DAMAGES 15

**ALBERT LAW PLLC**
3131 Western Ave, Suite 410
Seattle, Washington  98121
Phone (206) 576-8044 • Fax (206) 237-9101

30.     Defendant LWSD's negligence in hiring, training, supervising, and retaining its officials, agents and employees deprived R.D. of her legal rights and was the direct and proximate cause of damages to R.D. as alleged in this Complaint.

31.     At all relevant times, Defendant LWSD had a duty to not violate the civil rights of Plaintiffs.

32.     The acts of the officials, agents and employees of Defendant LWSD caused injury to Plaintiffs. The acts were intentional and done in knowing violation of the legal and constitutional rights of Plaintiffs, without good faith, and with reckless disregard and/or callous indifference to their civil rights.

33.     As a further legal result of Defendant LWSD's actions, Plaintiffs will incur costs and attorneys' fees.

34.     Defendant LWSD's willful conduct caused Plaintiffs to hire and become obligated to pay an attorney to defend her respective rights.

35.     Plaintiffs request further relief as hereinafter provided.


**FIFTH CAUSE OF ACTION**
**Negligence**
**(By ALL Plaintiffs Against Defendant)**

36.     Plaintiffs incorporate all allegations herein.

37.     Defendants LWSD had a special relationship with R.D., which created a duty to exercise reasonable care to protect her from foreseeable harm.

COMPLAINT FOR DAMAGES 16

**ALBERT LAW PLLC**
3131 Western Ave, Suite 410
Seattle, Washington  98121
Phone (206) 576-8044 • Fax (206) 237-9101

38.     Defendants knew that R.D. was being subjected to bullying, harassment, and intimidating measures by D.H. leading to this Complaint. Defendants failed to address such actions and neglected to provide reasonable care.

39.     Defendants LWSD breached its duty of due care in several ways:

    a.   By failing to supervise D.H. and the students she was around.

    b.   By failing to supervise R.D. and the students she was around.

    c.   By failing to adequately respond to Catherine's complaints stating that she believed her daughter was being bullied, harassed, and intimidated.

    d.   By failing to adequately respond to student and other complaints that D.H. was bullying, harassing, and intimidating other students.

    e.   Other acts and omissions discussed of or related to the facts in this complaint.

40.     As a direct and proximate result of Defendant's breach of care, R.D. suffered the damages described herein.

41.     As a direct and proximate result of Defendant's breach of care, R.D.'s parents suffered the damages described herein.

### SIXTH CAUSE OF ACTION
### RCW 4.24.010 Loss of Consortium
### (By Plaintiffs Catherine Davis and Sean Davis Against Defendant LWSD)

42.     Plaintiffs Catherine Davis and Sean Davis are the parents of R.D. and have supported her and cared for her since her infancy.

COMPLAINT FOR DAMAGES 17

ALBERT LAW PLLC
3131 Western Ave, Suite 410
Seattle, Washington 98121
Phone (206) 576-8044 • Fax (206) 237-9101

43.    As a direct and proximate result of the Defendant's tortious conduct, Plaintiffs have suffered a loss of consortium with their daughter, resulting in general and special damages in an amount to be proven at trial.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter judgment against Defendant and in favor of Plaintiffs on their individual claims and award the following relief to Plaintiffs:

1.    A declaration that Defendant's conduct alleged herein violated the constitutional and statutory rights of Plaintiffs;

2.    Permanently enjoin Defendant from violating the constitutional and statutory rights of Plaintiffs;

3.    Retain jurisdiction of this case until Defendant has fully complied with the orders of this Court, and there is a reasonable assurance that Defendant will continue to comply in the future, absent continuing jurisdiction;

4.    Further Injunctive relief to correct Defendant's policies and practices that violate any and all other applicable Federal and state laws;

5.    Judgment against the Defendant for compensatory damages sustained as a result of Defendant's failure to provide for an educational environment free from bullying, harassment, intimidation, and discrimination;

COMPLAINT FOR DAMAGES 18

**ALBERT LAW PLLC**
3131 Western Ave, Suite 410
Seattle, Washington  98121
Phone (206) 576-8044 • Fax (206) 237-9101

6.     Judgment against the Defendant for punitive damages in an amount to be determined at trial;

7.     An award for costs and attorneys' fees incurred in pursuing this action, as provided by applicable provisions of federal and state law; and

8.     For such other relief as the Court may deem just and equitable.

## VII. JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

DATED this 27th day of June, 2018.

Signed this 27th day of June, 2018

By:

Gregory W. Albert, WSBA 42673
ALBERT LAW PLLC
3131 Western Ave, Suite 410
Seattle, WA 98121
Telephone: (206) 576-8044
E-mail:greg@albertlawpllc.com
*Attorney for Plaintiffs*

COMPLAINT FOR DAMAGES 19

**ALBERT LAW PLLC**
3131 Western Ave, Suite 410
Seattle, Washington  98121
Phone (206) 576-8044 • Fax (206) 237-9101