HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

R.D., a minor, by and through her personal representatives, CATHERINE DAVIS and SEAN DAVIS; and CATHERINE DAVIS individually; and SEAN DAVIS, individually,

Plaintiffs,

v.

LAKE WASHINGTON SCHOOL DISTRICT,

Defendant.

Case No. 2:18-cv-01009 RAJ

ORDER

## I. INTRODUCTION

Defendant Lake Washington School District (the "District") moves this Court for an order compelling Plaintiffs' expert, Ruth Hayes-Short, to answer deposition questions concerning the drafting of her expert reports. Dkt. # 25. For the reasons that follow, the Court **GRANTS** the District's motion.

## II. BACKGROUND

This is a civil rights lawsuit. Plaintiffs Catherine and Sean Davis allege that the District discriminated against their daughter R.D. because of her Chilblains disability. Dkt. # 1-1. Plaintiff engaged Ruth Hayes-Short to be an expert in the areas of public school district governance and administration, including standards of care in those fields. Dkt. #

ORDER – 1

26-1 at 2-5. The District deposed Hayes-Short on April 3, 2019. Dkt. # 26-10 at 3. During the deposition, the District's counsel asked Hayes-Short if someone gave her a draft of information that she then incorporated into her initial or rebuttal report. *Id.* She was also asked whether Plaintiff's counsel wrote part of her initial or rebuttal report. *Id.* Plaintiff's counsel instructed Ms. Hayes-Short not to answer either question based on privilege. *Id.* The deposition was not adjourned and the District claims it will be reconvened after resolution of this motion. Dkt. # 25 at 6.

### III. DISCUSSION

#### A. Motion to Compel

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). A party may move for an order compelling discovery if a party fails to produce what is requested. Fed. R. Civ. P. 37(a)(3)(B)(iv).

The District surmises that Plaintiff's counsel drafted significant portions of Hayes-Short's initial and rebuttal reports and wishes to question her on the extent of counsel's involvement. Dkt. # 25 at 7. Specifically, the District contends that there are discrepancies between the facts underlying certain findings in Hayes-Short's reports and what she would have received from either Plaintiffs' or Plaintiffs' counsel. *See, e.g.*, *id.* at 4, 6. The District also claims that the reports appear to be drafted by someone with a legal background based on the sentence structure, vocabulary, and overall tone. *Id.* at 4. In moving to compel Hayes-Short to answer questions on these issues, the District states that it does not intend to illicit testimony on specific discussions Hayes-Short had with Plaintiff's counsel; rather, it wants to know if she received prepared draft reports from Plaintiff's counsel, whether her final reports expanded on any of those prepared drafts, and specifically which portions of the final reports were prepared by Plaintiff's counsel. *Id.* at 10.

Rule 26(b)(4) permits parties to depose testifying experts. Fed. R. Civ. P. 26(b)(4)(A). It further provides that Rule 26(b)(3) "protect[s] drafts of any report or

ORDER – 2

disclosure required under [the rule], regardless of the form in which the draft is recorded." Fed. R. Civ. P. 26(b)(4)(B). The protection also extends to communications between the party's attorney and any expert who must provide a report, regardless of the form of the communications, except to the extent the communications (i) relate to the expert's compensation; (ii) identify "facts or data" provided by the attorney that the expert considered; or (iii) "identify assumptions that the party's attorney provided and that the expert relied on in forming" his or her opinions. Fed. R. Civ. P. 26(b)(4)(C).

However, Rule 26(b)(4)'s protections for draft reports and attorney-expert communications "do not impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions." Fed. R. Civ. P. 26(b)(4) advisory committee's notes (2010 amendments). In this case, the District wishes to investigate foundational issues that may undercut Hayes-Short's opinions. The proposed questions do not delve into the mental impressions or legal theories of an attorney that the work-product privilege sought to protect. *See U.S. v. City of Torrence*, 163 F.R.D. 590, 593 (C.D. Cal. 1995); *Intermedics, Inc. v. Ventritex, Inc.*, 139 F.R.D. 384, 391 (N.D. Cal. 1991). Indeed, if Plaintiff's counsel wrote portions of the final report, or if Hayes-Short adopted or incorporated opinions written by Plaintiff's counsel at his request, then that goes to her credibility as an expert. *See id.* at 389 (noting that it would be contrary to Rule 26 amendments to "prohibit[] a party from showing that the opinions an expert was presenting at trial as his own had in fact been spoon fed to him and written for him by the lawyer who retained him").

Therefore, the Court **GRANTS** the District's motion. The parties should not construe this order as permitting questions on the substance or contents of any communications Hayes-Short had with counsel regarding case theories or strategies. Any further deposition questions on this topic are limited to whether, and to what extent, counsel or anyone else was involved in preparing the expert reports exchanged in discovery.

ORDER – 3

### B. Request for Attorney's Fees

The District seeks attorney's fees associated with bringing the motion to compel. Under Rule 37, the Court "must" award reasonable expenses associated with the motion, including attorney's fees, if the moving party prevails. Fed. R. Civ. P. 37(a)(5). However, the Court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. Because Plaintiff's privilege objection was reasonable insofar as an attorney's communications with an expert are generally not discoverable, the court declines to apportion any fees to the District.

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** the District's Motion. Dkt. # 25.

DATED this 15th day of May, 2019.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4