UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| R.D., a minor, by and through her personal representatives, CATHERINE DAVIS and SEAN DAVIS; and CATHERINE DAVIS, individually; and SEAN DAVIS, individually,<br><br>Plaintiffs,<br><br>v.<br><br>LAKE WASHINGTON SCHOOL DISTRICT, a municipal corporation,<br><br>Defendant. | Case No. 18-cv-1009-RAJ<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION** |

## I. INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion for Reconsideration ("Motion"). Dkt. # 81. Having considered the Motion, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary. For the reasons below, the Court **DENIES** the Motion.

## II. DISCUSSION

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local R. W.D. Wash. ("LCR") 7(h)(1).

Plaintiffs argue that manifest legal and factual errors exist in the Court's order

ORDER – 1

granting in part Defendant's Motion for Partial Summary Judgment such that reconsideration is appropriate. *See* Dkt. # 81. Plaintiffs take issue with the Court's finding that the accommodations sought by Mrs. Davis—*i.e.*, "supervision" and "gross motor activity"—were not necessary accommodations for R.D.'s Chilblains disability. Dkt. # 81 at 3. Plaintiffs instead contend that the Court should have found exercise and supervision to already be part of a FAPE-compliant recess and denied to R.D.

As pertinent to this case, the U.S. DOE's § 504 regulations require recipients of federal funds to "provide a free appropriate public education to each qualified handicapped person," and define "appropriate education" as:

> regular or special education and related aids and services that (i) are designed to meet individual educational needs of handicapped persons as adequately as the needs of nonhandicapped persons are met and (ii) are based upon adherence to procedures that satisfy the requirements of [34 C.F.R.] §§ 104.34, 104.35, and 104.36.

*Mark H. v. Lemahieu*, 513 F.3d 922, 929 (9th Cir. 2008) (citing 34 C.F.R. § 104.33(a), (b)). The regulations further require that, "[i]n providing or arranging for the provision of nonacademic and extracurricular services and activities, including meals, recess periods, and the services and activities set forth in § 104.37(a)(2), a recipient shall ensure that handicapped persons participate with nonhandicapped persons in such activities and services to the maximum extent appropriate to the needs of the handicapped person in question." 34 C.F.R. § 104.34(b).

Based on the definitions above, Plaintiffs have failed to demonstrate manifest error in the Court's analysis. First, the record is devoid of evidence that "supervision" and "gross motor activity" are accommodations designed to meet individual educational needs of persons affected by Chilblains. Nor is there evidence to support finding that "supervision" and "gross motor activity" are accommodations that would have permitted R.D. to participate with nonhandicapped to the maximum extent.

ORDER – 2

Plaintiffs' remaining contentions are also without merit. Plaintiffs complain that the District defended against R.D.'s §504 and ADA claims using false statements; no explanation is given, however, for why this could not have been brought to the Court's attention earlier with reasonable diligence. Plaintiffs also argue that the Court's order neglected the fact that R.D. was sent outside on cold and wet days in 2016. Plaintiffs referred to these facts to support its argument that Defendant's failed to provide "supervision" as a reasonable accommodation. *See* Dkt. # 37 at 20 (arguing that summary judgment was inappropriate because District did not supervise when R.D. could go outside). The Court has discussed the "supervision" accommodation at length, both here and in the summary judgment order. Finally, Plaintiffs' argument on deliberate indifference rehashes prior facts and arguments. And the Court explained previously, the District offered evidence that it responded to Plaintiffs' complaints by assigning R.D. a "one-on-one helper" to supervise R.D. during recess, considered several options for indoor recess activities, including having R.D. join a separate physical education class in session, and recommended a standing monthly meeting to review support for R.D. *See* Dkt. # 62 at 9.

Having found no manifest errors of law or fact in the summary judgment order, the Court **DENIES** Plaintiffs' motion.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' Motion.

DATED this 4th day of December, 2019.

_Richard A. Jones_
The Honorable Richard A. Jones
United States District Judge

ORDER – 3