HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

R.D. a minor, by and through her personal representatives, CATHERINE DAVIS and SEAN DAVIS; and CATHERINE DAVIS, individually; and SEAN DAVIS, individually,

Plaintiffs,

v.

LAKE WASHINGTON SCHOOL DISTRICT, a municipal corporation,

Defendant.

Case No. 2:18-cv-01009-RAJ

**ORDER DENYING MOTION FOR SANCTIONS**

## I. INTRODUCTION

This matter is before the Court on Plaintiff's motion for sanctions. Dkt. # 88. For the reasons below, the Court **DENIES** the motion.

## II. BACKGROUND

On April 10, 2019, two days before the discovery deadline, the District emailed fifteen documents responsive to one of Plaintiffs' earliest requests for production. Dkt. # 89. The documents purportedly show that the District had notice of one student, D.H., having physical altercations with other children. Dkt. # 88 at 2. Plaintiffs describe these documents as both improperly "withheld" and "the most material documents in the case." *Id*. Although the majority of the complained-about documents were produced in April 2019, Plaintiffs' counsel did not discover them until two months later while preparing for

ORDER – 1

trial.[1] Plaintiffs have now moved for sanctions, claiming that the District's conduct caused them to spend tens of thousands of dollars on unnecessary or uninformed depositions. Plaintiffs also claim that they will be forced to re-take most of their depositions and launch an expensive probe into spoliation and withholding of other documents. Dkt. # 88 at 6:

In response, the District states that it informed Plaintiffs' counsel that it would be providing D.H.'s parents with the opportunity to object to disclosure of her records. Dkt. # 95. Plaintiffs, however, dispute this and argue that the District had permission to disclose the documents somewhere between eight and ten months prior to April 2019. Dkt. # 99. Plaintiffs also claim that the District engaged in bad faith by miscategorizing some documents and belatedly producing others, among other conduct. Dkt. # 88. Plaintiffs seek $156,623 in fees and costs. *Id.*

### III. DISCUSSION

Although the District contends that this Court is without jurisdiction to consider this motion, the Court agrees with Plaintiffs that a motion for sanctions is a collateral matter and may be considered even after the merits have been decided. *See McMahon v. Pier 39, L.P.*, 54 Fed.Appx. 645 (9th Cir. 2003) (unpublished) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)).

Under Rule 37, if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), then the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c). Fed. Rule Civ. Proc. 37(c) also permits the Court award "reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1)(A). "Discovery sanctions serve multiple purposes, ranging from coercion and compensation to deterrence and punishment." *McDonald v. OneWest Bank, FSB*, 929 F. Supp. 2d 1079 (W.D. Wash. 2013).

---

[1] The District later produced a few additional documents on June 18, 2019. Dkt. # 89-2.

ORDER – 2

Upon review of the record, any delay in disclosure appears to be substantially justified. The District claims to have communicated with Plaintiffs' counsel, informing him that notice would be provided to D.H.'s parents before releasing her records. Dkt. # 95. In a supporting declaration, counsel for the District states that he received permission on March 7, 2019 and that disclosure of the documents were made shortly thereafter in early April. *Id.* To the extent the District's discovery was untimely, the record fails to show the bad faith that Plaintiffs suggest exists in droves. *See, e.g.*, *McDonald*, 929 F. Supp. 2d at 1092-93 (finding sanctions were appropriate where defendant obstructed the discovery process, forcing two motions to compel, and presented critical documents and declarations long after discovery had closed).

In their reply, Plaintiffs do not dispute that communications occurred with the District about the timing of documents related to D.H. Plaintiffs insist, however, that the District had no valid reason to wait until April 2019 to make its disclosure. While this may be the case, the proper remedy would have been to file a motion to compel production if the District's responses were insufficient or untimely. *Nuance Comm'ns, Inc. v. ABBYY Software House*, No. C 08–02912 JSW, 2012 WL 5904709, at *3 (N.D. Cal. Nov. 26, 2012). "Discovery disputes should be resolved soon after the problem appears, rather than by exclusionary and sanctions motions filed after discovery has terminated." *Techsavies, LLC v. WDFA Mktg. Inc.*, No. C10-1213BZ, 2011 WL 723983, *3 (N.D. Cal. Feb. 23, 2011); *see Nuance Comm'ns, Inc.*, 2012 WL 5904709, at *3 (denying in part a request for sanctions where plaintiff could have mitigated the harm from an untimely production by simply conducting further discovery or seeking judicial relief). Plaintiffs certainly had evidence that administrators and teachers knew D.H. had been physical at school and could have easily brought a discovery motion compelling additional disclosure. *See* Dkt. # 41-11 at 3; Dkt. # 41-6 at 3; Dkt. # 41-10 at 9, 14. Instead, months later, Plaintiffs have moved for sanctions for all of its attorneys' fees and costs related to the entire litigation. *See* Dkt. # 90.

ORDER – 3

Moreover, the Court finds that any failure to timely disclose the documents was harmless. The documents supplemented evidence that was already before the Court. *See* Dkt. # 41-11 at 3; Dkt. # 41-6 at 3; Dkt. # 41-10 at 9, 14. Plaintiffs also moved for consideration of later documents prior to the Court ruling on the District's motion for summary judgment. Dkt. # 60. The Court will not grant sanctions based on speculative assertions of what counsel might have done with these additional documents.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' Motion. Dkt. # 88.

DATED this 13th day of January, 2020.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 4