HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

R.D. a minor, by and through her personal representatives, CATHERINE DAVIS and SEAN DAVIS; and CATHERINE DAVIS, individually; and SEAN DAVIS, individually,

Plaintiffs,

v.

LAKE WASHINGTON SCHOOL DISTRICT, a municipal corporation,

Defendant.

Case No. 2:18-cv-01009-RAJ

**ORDER DENYING MOTION FOR ADJUDICATION OF CLERK'S ORDER**

This matter comes before the Court on Plaintiffs' Motion for Court Adjudication of Clerk's Order. Dkt. # 109. For the reasons below, the Court **DENIES** the motion.

## I.   BACKGROUND

Last year, Defendant Lake Washington School District ("District") filed a motion for summary judgment. Dkt. # 18. The motion was granted as to Plaintiff's federal claims (for violation of the Rehabilitation Act and Americans with Disabilities Act) but denied as to one of Plaintiffs' state claims (for negligence). Dkt. # 62. Because only state law claims remained, the Court declined to exercise supplemental jurisdiction and remanded the case to state court. Dkt. # 79. Later, claiming to be the prevailing party, the District moved to tax costs against Plaintiffs under Rule 54(d) of the Federal Rules of Civil Procedure. Dkt. # 84. The Clerk of the Court granted the motion but disallowed

ORDER – 1

some of the requested costs. Dkt. # 108.

Plaintiffs now challenge the Clerk's taxation of costs against them, arguing that because the District did not prevail on Plaintiffs' negligence claim, it is not a "prevailing party" under Rule 54(d). Dkt. # 109 at 5-6. Plaintiffs seek to set aside the cost award until the state claim is fully adjudicated. *Id.*

## II. DISCUSSION

Under Rule 54(d), a "prevailing party" is entitled to costs, which the clerk may tax upon the other party. Fed. R. Civ. P. 54(d)(1); *see also* Local Rules W.D. Wash. LCR 54(d) (entitling a "party in whose favor a judgment is rendered" to recover costs). On timely appeal, the district court judge assigned to a case may review the clerk's action. Fed. R. Civ. P. 54(d)(1).

For purposes of Rule 54(d), a "prevailing party" is a "party in whose favor judgment is rendered." *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009) (quoting *d'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886, 896 (9th Cir. 1977)). In *San Diego Police Officers' Ass'n*, the Ninth Circuit made clear that a prevailing party need not prevail on all its claims. *Id.* In that case, the district court granted summary judgment for defendants on all federal claims, remanded the remaining claims to state court, and awarded the defendants costs. *Id.* at 732-33. On appeal, the Ninth Circuit affirmed the award, holding that "[b]y obtaining summary judgment on all of [plaintiff]'s federal claims, and with no claims remaining against them in the district court, [defendants] were clearly the prevailing parties in this federal action." *Id.* at 742; *see also K-2 Ski Co. v. Head Ski Co.*, 506 F.2d 471, 477 (9th Cir. 1974) (holding that plaintiff was a prevailing party even though it prevailed on only two of its 12 trade secret claims).

Under that precedent, the District here is a prevailing party. Summary judgment was granted in its favor on all federal claims. Dkt. # 62 at 6-12. And although it did not prevail on Plaintiffs' negligence claim, it need not prevail on every claim to be the

ORDER – 2

1
2
3
4
5
"prevailing party" in this federal action. *San Diego Police Officers' Ass'n* is directly on point. 568 F.3d at 732. As the Ninth Circuit instructed, for the District to be a prevailing party entitled to costs under Rule 54(d), it is enough that it obtained summary judgment on all federal claims and that no claims remain against it in federal court. *Id.* That is precisely the case here, and the District is therefore entitled to costs.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
Plaintiffs' arguments to the contrary are unpersuasive. Citing a Seventh Circuit case, Plaintiffs argue that a party cannot prevail "until all claims are resolved against all parties." Dkt. # 109 at 5 (citing *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 573 F.3d 523, 525 (7th Cir. 2009)). But, as discussed, that is not the rule in this Circuit. *San Diego Police Officers' Ass'n*, 568 F.3d at 741 ("Nor is it necessary for a party to prevail on all of its claims to be found the prevailing party . . . .") (citation omitted). In fact, as the District observes, the precedent underlying the *Smart* decision would likely agree with the Ninth Circuit. Dkt. # 110 at 3-4. In *Smart*, the Seventh Circuit cited *Dale v. Lappin*, 376 F.3d 652, 654 (7th Cir. 2004), which explained that "[a] final, appealable decision is one that disposes of all claims against all parties, with the *exception* (not applicable here) where the district court complies with the requirements to enter a *partial* final judgment." *Id.* (emphasis added). Besides *Smart*, Plaintiffs cite the Advisory Committee notes for Rule 56, which, given the case law here, will not carry the day. Dkt. # 109 at 5-6.

20
21
22
23
24
25
26
27
Plaintiffs also argue that much of the costs awarded to the District were for deposition transcripts "exhaustively related to the negligence claim and completely unrelated to the federal claims." *Id.* They suggest that costs must be apportioned to each claim and that because the District did not prevail on the negligence claim, Plaintiffs should owe no costs. In response, the District argues that Plaintiffs provide no authority for apportionment and that the local and federal rules in fact lean against it. Dkt. # 110 at 4-5. The Court agrees with the District and further notes that the case law also supports its position. *K-2 Ski*, 506 F.2d at 476-77 (affirming a district court's decision to award all

28
ORDER – 3

costs to a prevailing party, even though that party prevailed on only two of 12 trade secret claims); *San Diego Police Officers' Ass'n v. Aguirre*, No. 3:05-cv-01581-H-POR, 2007 WL 2429729, at *3 (S.D. Cal. Aug. 24, 2007), *rev'd on other grounds sub nom. San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725 (9th Cir. 2009) ("[E]ven were the Court to determine that Defendants did not prevail as to the state law claims, the Court would decline to apportion costs because Defendants prevailed on the federal claims and Plaintiff has not prevailed on any of its claims in this case.").

In conclusion, the Court will not set aside the Clerk's taxation of costs against Plaintiffs.  Because Plaintiffs seek to set aside the cost award, not modify it, the Court accepts the taxation as is.  Dkt. # 108.

### III.  CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Court Adjudication of Clerk's Order is **DENIED**.  Dkt. # 109

DATED this 21st day of July, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4