**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 11 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| R.D., a minor, by and through her personal representatives, Catherine Davis and Sean Davis; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> LAKE WASHINGTON SCHOOL DISTRICT, a municipal corporation, <br><br> Defendant-Appellee. | No. 19-35622 <br><br> D.C. No. 2:18-cv-01009-RAJ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted February 3, 2021
Seattle, Washington

Before: GRABER, McKEOWN, and PAEZ, Circuit Judges.

R.D., a minor, and her parents, Catherine Davis and Sean Davis (collectively, "the Davises"), sued the Lake Washington School District ("the District") for discrimination against R.D. in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131–12134, and Section 504 of the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Rehabilitation Act of 1973, 29 U.S.C. § 794, as well as for violations of state law. The district court granted the District's motion for summary judgment as to the Davises' ADA and Section 504 claims and some of their state law claims. The district court remanded the surviving state law claims, denied the Davises' motion for discovery sanctions, and awarded costs to the District. We affirm in part, as to the dismissal of the Section 504 and ADA claims arising prior to June 18, 2015 and the district court's denial of the Davises' motion for sanctions; reverse in part, as to the district court's dismissal of the Section 504 and ADA claims arising after June 18, 2015; vacate the award of costs; and remand.

We have appellate jurisdiction. A party has 30 days after entry of judgment or order to file the notice of appeal, 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A), and must "designate the judgment, order, or part thereof being appealed," Fed. R. App. P. 3(c)(1)(B). The Davises' notice of appeal identified the date the district court remanded the state law claims and closed the case as the "[d]ate of judgment or order [they] are appealing." The notice of appeal is reasonably understood to appeal the final judgment, which includes the summary judgment order and the order taxing costs. Moreover, the full discussion of the various orders, including the sanctions order, in the opening brief, "and the detailed response[s] in the . . . answering brief[,] dispose of any claims that [the District] [was] misled or harmed." *Lolli v. County of Orange*, 351 F.3d 410, 414–15 (9th

Cir. 2003).

We review de novo the determination of the appropriate statute of limitations and whether a claim is barred by the statute of limitations. *See Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1005 (9th Cir. 2011). The Davises did not present to the district court the equitable tolling argument that they now advance on appeal, so we decline to entertain it. *See Cold Mountain v. Garber*, 375 F.3d 884, 891 (9th Cir. 2004). And applying Washington's tolling provision for minors would be inconsistent with the federal policy underlying the Davises' claims. *See Alexopulos v. S.F. Unified Sch. Dist.*, 817 F.2d 551, 555 (9th Cir. 1987). The district court properly concluded that the Section 504 and ADA claims that accrued prior to June 18, 2015 are time-barred.

The Davises moved for sanctions based on the District's late disclosure of various emails. The district court denied the motion, concluding that any late disclosure was harmless because the withheld documents merely "supplemented" evidence that the Davises already had and did not affect the Davises' chances at summary judgment. Given those findings, the district court did not abuse its discretion in denying the motion under Federal Rule of Civil Procedure 37. *See Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 822 (9th Cir. 2011) (stating the abuse of discretion standard for review of discovery orders).

We review de novo the district court's order granting summary judgment

3

and may affirm only if, viewing the evidence in the light most favorable to the nonmoving party, "there is no genuine issue of material fact such that the prevailing party is entitled to judgment as a matter of law." *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1202 (9th Cir. 2016). "A plaintiff bringing suit under section 504 or Title II of the ADA must show: (1) she is a qualified individual with a disability; (2) she was denied 'a reasonable accommodation that [she] needs in order to enjoy meaningful access to the benefits of public services;' and (3) the program providing the benefit receives federal financial assistance." *Id.* at 1204 (alteration in original) (quoting *Mark H. v. Hamamoto*, 620 F.3d 1090, 1097 (9th Cir. 2010)). Only prong two is in dispute in this appeal. "A plaintiff may satisfy prong two by showing that the federally funded program denied her services that she needed to enjoy meaningful access to the benefits of a public education and that were available as reasonable accommodations" or "by showing that the program denied her meaningful access to public education through another means, such as by violating a regulation that implements section 504's prohibitions." *Id.*

The 2016 Section 504 plan provided that R.D. was to "stay inside when it is damp or raining, and when the high temperature of the day is below 60 degrees (must be overseen by an adult)," and that she "should be allowed to have supervised inside recess that will include a variety of activities (including gross

4

motor)." The Davises have offered evidence that recess is a part of a free appropriate public education and includes gross motor activity and supervision. Whether R.D. was offered gross motor activities is disputed. The Davises have also set forth evidence that R.D. was not, in fact, supervised to ensure that she stayed inside when it was unsafe for her to be outside. In granting summary judgment on the Davises' Section 504 and ADA claims, the district court focused too narrowly on a mainstreaming regulation of Section 504, without considering that the Davises could satisfy the second prong by showing that R.D. was denied "services that she needed to enjoy meaningful access to the benefits of a public education and that were available as reasonable accommodations." The Davises have set forth genuine issues of material fact that preclude summary judgment as to the post-June 18, 2015 Section 504 and ADA claims.

On the damages claims, the District acted with deliberate indifference if it "(1) '[had] knowledge that a harm to a federally protected right is substantially likely,' and (2) 'fail[ed] to act upon that likelihood.'" *Mark H.*, 620 F.3d at 1099 (alterations in original) (quoting *Lovell v. Chandler*, 303 F.3d 1039, 1056 (9th Cir. 2002)). "The plaintiff establishes the requisite knowledge (or notice) on behalf of the defendant when she shows that she 'alerted the public entity to [her] need for accommodation . . . .'" *A.G.*, 815 F.3d at 1204 (alteration in original) (quoting *Duvall v. County of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001)). The District had

5

a Section 504 plan for R.D. that explicitly provided as accommodations supervision and gross motor activity. Taking the disputed facts in the light most favorable to the Davises, a reasonable juror could conclude that the District knew that R.D. needed supervision and gross motor activities and failed to provide those accommodations, such that it acted with deliberate indifference. Thus, summary judgment should not have been granted as to the Section 504 and ADA damages claims.

We reverse the grant of summary judgment as to the post-June 18, 2015 Section 504 and ADA claims, and remand for further proceedings.

Because we reverse in part and remand, we vacate the taxation of costs. The parties shall bear their own costs as to this appeal.

**AFFIRMED IN PART, REVERSED IN PART, VACATED AS TO THE COSTS AWARD, and REMANDED.**